IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY DAVIS, ID # 2944-09, | ) | |
| a.k.a. Timothy Lamont Davis, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-2465-L-BH |
| | ) | |
| ELLIS COUNTY COURT (#2), et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case was referred for screening.

**I.  BACKGROUND**

Plaintiff filed his complaint filed under 42 U.S.C. § 1983 using the proper form for prisoners filing a civil rights complaint in this Court.  Page two of the form specifically states:

> It is your responsibility to inform the Court of any change of address and its effective date.  Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion(s) for any other relief.  Failure to file a "**NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

On January 4, 2010, the Court mailed Plaintiff an order granting him permission to proceed *in forma pauperis* and a questionnaire seeking additional information about his claims.  On January 13, 2010, the questionnaire was returned as undeliverable because Plaintiff was not in custody ("NIC").  It appears that Plaintiff has changed addresses without notifying the Court as directed on the complaint form.  This failure demonstrates an inclination not to prosecute this action.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to notify the Court of his change in address despite the express instructions on the complaint form, and an order of the Court has been returned as undeliverable. Plaintiff has given no indication that he intends to proceed with this action, and the Court should dismiss his complaint for want of prosecution.

### III. RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 19th day of January, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE